UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BOSTON RICKSHAW LLC; DENNIS SUOZZI; LAURA GENTRY REAGAN; and ROBERT REAGAN, | ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

Case No.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), in support of its Complaint for Declaratory Judgment against Defendants BOSTON RICKSHAW LLC ("Boston Rickshaw"); DENNIS SUOZZI ("Suozzi"); and LAURA GENTRY REAGAN and ROBERT REAGAN (collectively the "Reagans"), alleges as follows:

## INTRODUCTION

1.      This is an insurance coverage action brought by Atain seeking a declaration that no coverage is afforded to Boston Rickshaw or Suozzi under a certain insurance policy issued by Atain to "Boston Rickshaw LLC" with respect to a lawsuit filed by Defendants the Reagans against Boston Rickshaw and Suozzi in the Superior Court of Suffolk County, Massachusetts, under case number 2016-2697H (the "Underlying Lawsuit").

2.      Atain issued to "Boston Rickshaw LLC" a policy providing Commercial General Liability ("CGL") coverage bearing Policy Number CIP124855 for the Policy Period of April 5,

2013 to April 5, 2014 (the "Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein by reference as **Exhibit 1**.

3.      Boston Rickshaw and Suozzi sought insurance coverage under the Policy for the Underlying Lawsuit, and Atain has agreed to defend Boston Rickshaw and Suozzi pursuant to a reservation of rights.

4.      In its reservation of rights, Atain reserved its rights to pursue coverage litigation to confirm no coverage is afforded for the Underlying Lawsuit, and hereby seeks resolution on the issue of coverage under its Policy for the Underlying Lawsuit.

5.      Therefore, a controversy exists between the parties to this action regarding insurance coverage for the Underlying Lawsuit under the Policy, and an entry of a declaratory judgment is required to resolve the controversy.

<u>**PARTIES**</u>

6.      Defendant Boston Rickshaw is a resident and citizen of Massachusetts.

7.      Defendant Suozzi is a resident and citizen of Massachusetts.

8.      Defendant Laura Gentry Reagan is a resident and citizen of Florida.

9.      Defendant Robert Reagan is a resident and citizen of Florida.

10.     Plaintiff Atain is a Michigan corporation with its principal place of business in Farmington Hills, Michigan.

<u>**JURISDICTION AND VENUE**</u>

11.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 respecting diversity jurisdiction insofar as it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Venue is appropriate under 28 U.S.C. § 1391 because the Underlying Lawsuit and incident for which coverage is sought are both located in this District.

## UNDERLYING LAWSUIT

13.      The Reagans initiated the Underlying Lawsuit by filing a Complaint against Boston Rickshaw and Suozzi on or about August 30, 2016. A true and correct copy of the Complaint filed in the Underlying Lawsuit (the "Underlying Complaint") is attached hereto and incorporated herein by reference as **Exhibit 2**.

14.      The Underlying Complaint alleges that on or about September 8, 2013, Suozzi was operating a pedicab bearing Massachusetts Pedicab registration number 35 for Boston Rickshaw, and that this pedicab was licensed and registered to Boston Rickshaw (the "Pedicab"). (Underlying Complaint, ¶¶ 7-8.)

15.      The Underlying Complaint alleges that on or about September 8, 2013, the Reagans were passengers in the Pedicab operated by Suozzi on Charles Street in Boston, Massachusetts. (Id., ¶¶ 11-15.)

16.      The Underlying Complaint alleges that on or about September 8, 2013, Suozzi made an unsafe lane change into the path of an unknown vehicle, causing the vehicle to strike the rear of the Pedicab. (Id., ¶¶17, 26, 36, 45.)

17.      Defendant Laura Gentry Reagan directs Count I of the Underlying Complaint, pled under a theory of negligence, against Suozzi.

18.      Defendant Laura Gentry Reagan directs Count II of the Underlying Complaint, pled under a theory of negligence pursuant to the doctrine of respondeat superior, against Boston Rickshaw.

19.      Defendant Robert Reagan directs Count III of the Underlying Complaint, pled under a theory of negligence, against Suozzi.

20.     Defendant Robert Reagan directs Count IV of the Underlying Complaint, pled under a theory of negligence pursuant to the doctrine of respondeat superior, against Boston Rickshaw.

### COUNT I – THE AUTO EXCLUSION PRECLUDES COVERAGE FOR THE UNDERLYING LAWSUIT

21.     ATAIN incorporates and restates each and every allegation set forth in Paragraphs 1-20 of this Complaint as if alleged in this Paragraph 21.

22.     The Policy contains an "Amendment – Aircraft, Auto or Watercraft Exclusion" Endorsement, bearing endorsement no. AF 000 899 07/ 2012, (the "Auto Exclusion"), which provides, in relevant part, as follows:

> **g.     Aircraft, Auto Or Watercraft**
>
> This insurance does not apply to:
>
> **(1)**     "Bodily injury" or "property damage" arising out of or in connection with any aircraft or watercraft unless as outlined below;
> **(2)**     "Bodily injury" or "property damage" arising out of or in connection with any "auto" unless as outlined below; or
> **(3)**     The "loading or unloading" of any aircraft, "auto" or watercraft by any insured.
>
> This exclusion applies to "bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft, whether or not owned, maintained, used, rented, leased, hired, loaned, borrowed or entrusted to others or provided to another by any insured.
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, entrustment, permitting, training or monitoring of others by an insured.
>
> This exclusion applies even if the claims against any insured allege direct or vicarious liability.

\* \* \*

4

23.    "Auto" is defined in the Policy at page 12 of 16 on CGL form number CG 00 01 12 07 to include "a land motor vehicle, trailer or semitrailer designed for travel on public roads."

24.    The Underlying Lawsuit seeks relief for injuries to the Reagans that were incurred when a motor vehicle struck the Pedicab in which the Reagans were riding.

25.    The Reagans seeks relief in the Underlying Lawsuit for "bodily injury" that was "arising out of or in connection with any 'auto'."

26.    Accordingly, the Auto Exclusion applies to exclude coverage under the Policy for the Underlying Lawsuit.

WHEREFORE, Atain respectfully requests that this Court enter judgment in its favor and against the Defendants, declaring that the Auto Exclusion applies to preclude coverage to Boston Rickshaw and Suozzi for the Underlying Lawsuit, and therefore Atain has no duty to defend or indemnify Boston Rickshaw or Suozzi under the Policy for the Underlying Lawsuit.

## COUNT II – SUOZZI IS NOT AN EMPLOYEE OF BOSTON RICKSHAW (IN THE ALTERNATIVE)

27.    Atain incorporates and restates each and every allegation set forth in Paragraphs 1-20 of this Complaint as if alleged in this Paragraph 27.

28.    The Policy contains a Commercial General Liability ("CGL") Coverage Form (form no. CG 00 01 12 07). The CGL Coverage Form provides that the terms "you" and "your" as used in the Policy "refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."

29.    Suozzi is not shown as the Named Insured in the Policy's Declarations.

30.    Section II of the CGL Coverage Form provides, in relevant part, as follows:

### SECTION II – WHO IS AN INSURED

*        *        *

2.      Each of the following is also an insured:

a.      Your ... "employees", other than ... your
managers (if you are a limited liability
company), but only for acts within the scope
of their employment by you or while
performing duties related to the conduct of
your business. ... ***

31.     Suozzi is not an "employee" of Boston Rickshaw and is therefore not an insured

under the Policy.

32.     Therefore, no coverage applies to Suozzi under the Policy for the Underlying

Lawsuit.

WHEREFORE, Atain respectfully requests that this Court enter judgment in its favor and

against the Defendants, declaring that Suozzi is not an insured on the Policy, and therefore Atain

has no duty to defend or indemnify Suozzi under the Policy for the claims asserted against him in

the Underlying Lawsuit.

Dated: March 20, 2018                          Respectfully submitted,

**ATAIN SPECIALTY INSURANCE
COMPANY**

By:     /s/ Gino A. Zonghetti
        Gino A. Zonghetti, BBO#: 663120
        David T. Brown (*pro hac vice* anticipated)
        KAUFMAN DOLOWICH
        & VOLUCK, LLP
        21 Main Street, Suite 251
        Hackensack, New Jersey 07601
        T: (201) 488-6655
        F: (201) 488-6652
        gzonghetti@kdvlaw.com
        dbrown@kdvlaw.com

4837-6323-3881, v. 1