UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ATAIN SPECIALTY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 18-10530-FDS |
| BOSTON RICKSHAW LLC, DENNIS SUOZZI, LAURA GENTRY REAGAN, and ROBERT REAGAN, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ON PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

SAYLOR, J.

This is a declaratory judgment action regarding the scope of coverage of an insurance contract.

Plaintiff Atain Specialty Insurance Co. has successfully served defendant Dennis Suozzi. Defendants Laura Gentry Reagan and Robert Reagan have waived service. Despite diligent efforts, however, plaintiff has been unable to serve defendant Boston Rickshaw LLC. Plaintiff has therefore moved for alternative service.

Under the federal rules, an unincorporated association in a judicial district of the United States like Boston Rickshaw LLC may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) in turn provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under Massachusetts rules, service can be made on "an unincorporated association subject to suit within the Commonwealth under a common name" by

> delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given. If the person authorized to serve process makes return that after diligent search he can find no person upon whom service can be made, the court may on application of the plaintiff issue and order of notice in the manner and form prescribed by law.

Mass. R. Civ. P. 4(d)(2).

Massachusetts law also requires a limited liability company authorized to do business in the commonwealth to (1) maintain an office in Massachusetts and (2) designate a resident agent for service of process. Mass. Gen. Laws ch 156C, § 5.

The Court finds that plaintiff has made a diligent search to find a person upon whom service can be made. Boston Rickshaw identified Mark Colegrove as its resident agent,[1] with an address at Longfellow Place, Boston; it reported its office where records are maintained as Green Street, Brookline; and it reported its business address as Southampton Street, Boston. Plaintiff has discovered that Colegrove no longer lives at Longfellow Place; rather, it appears that he lives at Green Street, Brookline, with an adult woman. The Southampton Street address is a self-storage facility. Although the woman living at Green Street confirmed that Colegrove lived there and that the best time to reach him there was after 5 p.m., plaintiff has been unable to find him there, despite calling twice more and hiring a private detective agency to stake out the address. Plaintiff mailed two copies of a request for a waiver of service, along with the complaint, to Colegrave at the Green Street address, which were signed for by an adult woman

---

[1] Mark Colegrove is also the only listed manager of the LLC.

named C. Newman.  (Newman's and Colegrove's names are both affixed to the buzzer for the Green Street apartment).  Colegrove has not responded to the request for waiver, and plaintiff's diligent efforts have failed to turn up a fruitful alternative method of service that satisfies the rules.

Under the circumstances, the Court has discretion as to whether to order service by publication or by any other method.  *Santiago v. Marchese*, 2009 WL 1563596, at *2 (Mass. App. Ct. May 28, 2009).  Due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."  *Id.* at 315.

Here, the Court is satisfied from the affidavits attached to plaintiff's motion that Colegrove likely resides at the Green Street address in Brookline and likely is aware that plaintiff is trying to serve Boston Rickshaw LLC.

The Court therefore holds that the following steps are reasonably calculated to apprise Boston Rickshaw LLC of the pendency of this action and that plaintiff may serve Boston Rickshaw by:

- Mailing copies of the complaint, summons, <u>*and this order of the Court*</u> to Mark Colegrove, 50 Green Street #303, Brookline, MA 02446, by first-class mail; and
- Filing an affidavit providing proof of delivery of those materials to that address with the Court.

The Court will deem the delivery of those materials to be adequate service of process in

this action. Boston Rickshaw will have 60 days from the delivery of those materials to file an answer or other responsive pleading.

**So Ordered.**

                                                            /s/ F. Dennis Saylor
                                                            F. Dennis Saylor, IV
Dated: August 13, 2018                                       United States District Judge